| **Krips v New York City Dept. of Educ.** |
|:---:|
| 2026 NY Slip Op 30826(U) |
| March 5, 2026 |
| Supreme Court, New York County |
| Docket Number: Index No. 157168/2025 |
| Judge: Lyle E. Frank |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | |
|---|---|
| **PRESENT:**    **HON. LYLE E. FRANK** | **PART**         **11M** |
| *Justice* | |

-----------------------------------------------------------------------------------X

ELEONORA KRIPS,

                    Petitioner,

                 - v -

NEW YORK CITY DEPARTMENT OF EDUCATION,
MELISSA AVILES-RAMOS

                    Respondent.

-----------------------------------------------------------------------------------X

| |
|---|
| **INDEX NO.**      157168/2025 |
| **MOTION DATE**      06/04/2025 |
| **MOTION SEQ. NO.**      001 |
| |
| **DECISION + ORDER ON MOTION** |

The following e-filed documents, listed by NYSCEF document number (Motion 001) 6, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21

were read on this motion to/for           **ARTICLE 78 (BODY OR OFFICER)**      .

Petitioner commenced the instant Article 78 proceeding alleging that denial of her application for security clearance by respondent was arbitrary, capricious, and an abuse of discretion. Petitioner seeks an order compelling respondent to grant her a security clearance as well as monetary sanctions. Respondent opposes the instant petition and cross-moves to dismiss. For the reasons set forth below, the petition is denied in its entirety.

Background

Petitioner was previously employed by a vendor that provided Special Education Itinerant Teacher ("SEIT") Services for the respondent, New York City Department of Education, ("DOE"). Petitioner became ineligible to continue providing services to the DOE bases on a substantiated allegation, from a March 24, 2022, of corporal punishment against petitioner.

Petitioner was subsequently renominated by her employer, as required, and the DOE's Office of Personnel Investigation investigated and interviewed petitioner. On October 12, 2023,

[* 1]

petitioner's application for security clearance was denied and petitioner was informed that she was ineligible to reapply until 12 months had lapsed[1].

Petitioner then reapplied for the security clearance and was again denied by letter dated February 7, 2025. Petitioner contends that based on her employment activity and certifications post the October 12, 2023 denial, respondent's February 2025 denial was arbitrary and capricious.

Standard of Review

Article 78 review is permitted, where it is alleged a determination was made "in violation *of lawful procedure, was affected by an error of law or was arbitrary and capricious or an abuse* of discretion…." NY *CPLR* §7803(3). "Arbitrary" for the purpose of the statute is interpreted as "when it is without sound basis in reason and is taken without regard to the facts." *Pell v Board of Ed. of Union Free School Dist. No. of the Towns of Scarsdale and Mamaroneck, Westchester Cty.* 34 NY2d 222, 231 [1974].

A court can overturn an administrative action only if the record illuminates there was no rational basis for the decision. *Id.* "Rationality is what is reviewed under both the substantial evidence rule and the arbitrary and capricious standard." *Id.* If the court reviewing the determination finds that "[the determination] is supported by facts or reasonable inferences that can be drawn from the records and has a rational basis in the law, it must be confirmed." *American Telephone & Telegraph v State Tax Comm'n* 61 NY2d 393, 400 [1984].

It is well established that the court should not disturb an administrative body's determination once it has been established that the decision is rational. See *Matter of Sullivan*

---

[1] Petitioner has previously filed an Article 78 petition regarding that determination, *Krips v New York City Department of Education, et al.*, Index No.: 158780/2023, wherein the Honorable Justice J. Machelle-Sweeting denied the petition by Decision and Order dated May 15, 2024.

*Cnty. Harness Racing Ass'n, Inc. v Glasser*, 30 NY2d 269 [1972]; *Presidents' Council of Trade Waste Assns. v New York,* 159 AD2d 428, 430 [1st Dept 1990].

Discussion

In support of her application, petitioner contends that her employment in New Jersey, with Sunny Days, providing special education services to three children ages 0-3 years old and professional development training certifications, since the October 2023 denial of her clearance, cure the deficiencies addressed in the denial letter and thus warrant the granting of a security clearance. Further, petitioner contends that respondent failed to acknowledge her professional development.

In opposition, respondent argues that respondent's October 2023 denial letter did not provide petitioner's lack of employment history and certifications as the sole basis for the denial and referred to petitioner's prior adverse employment history with the Hebrew Academy for Special Children, specifically the substantiated allegation of corporal punishment. The February 2025 denial letter provides that petitioner's "unwillingness to acknowledge the severity of [petitioner's] actions or the impact [petitioner's] actions had on the child involved" is a continued concern for respondent.

The Court finds that petitioner has failed to establish that respondent's denial of a security clearance based on a substantiated allegation of corporal punishment is arbitrary or capricious. On the contrary, the record establishes that respondent's determination has a rational basis. The Court rejects petitioner's contention that respondent was somehow "moving the goal posts" with respect to the consideration of petitioner's application. The October 2023 denial letter does not provide assurances or requirements for petitioner to satisfy in order to compile a successful security clearance application. Further, the Court does not agree that petitioner's

[* 3]

otherwise unblemished history and respondent's denial of a security clearance "shocks the conscience".

Contrary to petitioner's assertions, the denial letter provides that respondent has reviewed all of petitioner's submissions and not disregarded petitioner's employment and certifications. Based on the substantiated allegations of corporal punishment, and petitioner's inability to establish respondent's conduct is arbitrary and capricious and without a rational basis it is hereby

ADJUDGED that the petition is denied in its entirety.

20260305130623LFRANKFEFA678738DF4727AE7B38EFD525A6C7

| 3/5/2026 | | | | LYLE E. FRANK, J.S.C. | |
|---|---|---|---|---|---|
| **DATE** | | | | | |

| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | GRANTED | X DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

[* 4]